O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUILDERS BANK, an Illinois Bank Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ORELAND, LLC, a California limited liability company; TIERRAVIEW, LLC, a California limited liability company; RICHARD PAEK, an individual also known as RICHARD J. PAEK,<br><br>Defendants. | Case No. CV 14-06548 DDP (SHx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>[Dkt. No. 31] |

    Presently before the Court is Defendants' Motion to Dismiss the Case. (Dkt. No. 31.) Having heard oral arguments and considered the parties' submissions, the Court adopts the following order.

**I. BACKGROUND**

    Plaintiff seeks to enforce a set of environmental indemnity contracts concerning certain property on West Colton Street in Los Angeles. (Compl., ¶ 1.) Plaintiff alleges that Defendants agreed in these contracts to indemnify Plaintiff

```
       against any and all damages (including, without limitation,
       consequential damages), losses of any kind or of any nature
       whatsoever . . . arising directly or indirectly from or out of
       . . . the past, present or future presence, Release or threat
       of Release of any Hazardous Substances on, in, under or
       affecting all or any portion of the Property or any
       surrounding areas, regardless of whether or not caused by or
       within the control of any Indemnitor . . . .
```

(Id. at ¶ 9 (ellipses omitted).) The contracts were executed on August 22, 2006. (Id. at ¶ 7; Reply at 2:9.)

Plaintiff further alleges that these contracts contained provisions waiving, "[t]o the extent permitted by law . . . [t]he defense of the statute of limitations in any action hereunder." (Compl., Ex. A, § 3(b).)

Plaintiff alleges that the property in question has, indeed, been subjected to the release of "Hazardous Substances," which has caused Plaintiff losses in the form of lowered property value. (Compl., ¶¶ 12-13.) It therefore brings this suit for indemnification under the contracts.

**II.  LEGAL ARGUMENT**

In order to survive a motion to dismiss for failure to state a claim, a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). When

1 considering a Rule 12(b)(6) motion, a court must "accept as true
2 all allegations of material fact and must construe those facts in
3 the light most favorable to the plaintiff." Resnick v. Hayes, 213
4 F.3d 443, 447 (9th Cir. 2000).

**III. DISCUSSION**

Defendants seek to dismiss the Complaint on two grounds: inadequate pleading under Rules 8 and 9, and statute of limitations.

**A.   Rule 8 Pleading**

Defendants argue that Plaintiff's Complaint "cites no cause of action at all" and that "[i]t is impossible for Defendants to defend" against uncertain claims. (Mot. Dismiss at 7:3-4.)

However, the Complaint states that it is an action "to enforce certain environmental indemnity agreements." (Compl., ¶ 1.) This is therefore plainly a contract claim. In California a claim for breach of contract has four elements: (1) existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) breach, and (4) damages. CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239 (2008). The Complaint and its exhibits allege the existence of the agreements and state their terms. (Id. at ¶ 9; Id., Exs. A & B.) The Complaint also alleges Plaintiff's performance – the issuance of a construction loan. (Id. at ¶ 7.) It states the reason the indemnity provision (that is, Defendants' duty to perform) is triggered. (Id. at ¶¶ 12-13.) Finally, it states the amount that Plaintiff alleges it should be indemnified for – i.e., damages. (Id. at ¶ 13.)

Plaintiff does not specifically allege that indemnification has been demanded and refused. Nonetheless, "[a] claim has facial

3

1  plausibility when the plaintiff pleads factual content that allows
2  the court to draw the reasonable inference that the defendant is
3  liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.
4  662, 678 (2009). Plaintiff has pled facts showing that a duty to
5  indemnify has arisen, and the reasonable inference is that the
6  action is being brought because Defendants have not yet indemnified
7  Plaintiff.
8      Plaintiff has alleged sufficient facts to state a plausible
9  claim, and Defendants are on notice as to the claim against them.
10 Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

**B.  Rule 9(c) Pleading**

Defendants also argue, in their Reply, that Plaintiff has not satisfied the heightened pleading requirement under Rule 9(c), which provides that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Defendant argues that Plaintiff is asserting a breach of contract claim, that pleading breach itself is a "condition precedent" within the meaning of the rule, and that Plaintiff has not alleged a breach with sufficient particularity.

Defendants misunderstand the meaning of "condition precedent" in the rule. Rule 9(c) is "intended to . . . allow[] claimants in breach of contract cases to generally aver the performance of all 'conditions precedent,' including all terms and obligations (promissory conditions) that plaintiffs must perform when suing for breach of bilateral contracts." William V. Dorsaneo III & C. Paul Rogers III, The Flawed Nexus Between Contract Law and the Rules of

4

Procedure: Why Rules 8 and 9 Must Be Changed, 31 Rev. Litig. 233, 240 (2012). In other words, Rule 9 refers to pleading the fulfillment of conditions that trigger the defendant's duty under the contract. Breach is not a "condition precedent" under the rule; rather, it is the fulfillment of conditions precedent which gives rise to the duty which is then breached.

Rule 9(c) therefore simply does not apply to allegations of breach. Plaintiff has generally alleged the condition precedent to Defendants' alleged duty to indemnify – the release of "Hazardous Substances" on the relevant property – which is all it must do to satisfy Rule 9(c).

## C. Statute of Limitations

In California, the statute of limitations for contract claims is four years. Cal. Code Civ. Proc. § 337. The agreements were allegedly executed on August 22, 2006, and Defendant argues, based on Plaintiff's own exhibits, that a "Phase I Environmental Site Assessment" would have put Plaintiff on notice as to the release of the hazardous substances when the contracts were signed. (Mot. Dismiss at 8-9.) Thus, Defendants argue, the clock would have started the same day the agreements were signed. Because the action was brought eight years after that day, Plaintiff's action is barred.

Plaintiff, on the other hand, points out that the agreements contain a clause waiving the defense of statute of limitations "[t]o the extent permitted by law." (Compl., Ex. A, § 3(b).) The parties agree that "permanent waiver of the statute of limitations is not permitted under California law." (Opp'n at 7:14-15.) The Code of Civil Procedure provides that "[n]o waiver executed prior

5

to the expiration of the time limited for the commencement of the action by this title shall be effective for a period exceeding four years from the date of expiration of the time limited for commencement of the action by this title . . . ." Cal. Code Civ. Proc. § 360.5.  The parties disagree about the effect of this provision, however.  Defendants argue that an open-ended waiver is unlawful and unenforceable in its entirety, because it attempts to extend the waiver past four years.  Plaintiff argues that § 360.5 merely acts to limit the waiver's length to four years after the expiration of statute of limitations.

A California court has ruled on a nearly identical waiver provision.  In California First Bank v. Braden, a bank sued guarantors of a loan under a contract that included the following provision: "[g]uarantors waive the benefit of any limitations affecting their liability hereunder or the enforcement thereof to the extent permitted by law."  216 Cal. App. 3d 672, 674 (Ct. App. 1989).  The court, citing multiple authorities as to the effect of § 360.5, concluded that the bank had an additional four years after the expiration of the statute of limitations in which to file its claim, notwithstanding that the waiver was general in nature and did not specify a time frame beyond that "permitted by law."  Id. at 676-77.  This accords with the statute's plain language, which says that no waiver "shall be effective for a period exceeding four years," rather than saying that written waivers may not be general in scope.

Defendants quote Hatfield v. Halifax PLC, which states that § 360.5 "permits waivers of the California statute of limitations defense provided that such a waiver is in writing and does not

6

extend the limitations period for more than four years at a time." 564 F.3d 1177, 1183 (9th Cir. 2009). The Hatfield court was not ruling on a case involving § 360.5 and mentioned it only in passing. But even assuming its statement of the rule is law rather than dictum, the agreements do *not* "extend the limitations period for more than four years." Rather, both the waiver in Braden and the waiver in this case implicitly incorporate § 360.5's four-year provision by limiting their reach to that "permitted by law."[1]

Plaintiff therefore had four years to file under the usual statute of limitations, plus four years provided by the waiver provision, for a total of eight years from the date it was on notice of the release of the hazardous substances. Assuming (without deciding) that Plaintiff had notice when the contracts were signed, it would have had until August 21, 2014 to file a claim for indemnification. This action was filed August 20, 2014, and thus it is not barred by the statute of limitations or § 360.5.

**IV. CONCLUSION**

The motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated: March 23, 2015

DEAN D. PREGERSON
United States District Judge

---

[1] Even if compliance with the law were not stated explicitly, the waiver provision would be assumed to comply with applicable law. "[A]ll contracts necessarily and implicitly incorporate all applicable laws in existence when the contract is entered." 300 DeHaro St. Investors v. Dep't of Hous. & Cmty. Dev., 161 Cal. App. 4th 1240, 1256 (2008).

7